The B. F. GOODRICH COMPANY,
Plaintiff,

v.

SIMCO, INC., et al., Defendants.

Civ. A. No. 74–151–Mac.

United States District Court,
M. D. Georgia,
Macon Division.

Jan. 9, 1976.

Albert E. Phillips and James M. Poe, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiff.

Lawrence C. Collins, Byron, Ga., for James H. Joyner d/b/a J & F Asphalt Co.

R. Avon Buice, Warner Robins, Ga., for Overhead Door Co. of Macon, Inc.

Wendell L. Bowden, Martin, Snow, Grant & Napier, Macon, Ga., for Wickes Lumber, a division of Wickes Corp., applicant for intervention; Allied Industrial Supply Co.; Macon Tile and Carpet Co.; Acme Glass Distributors, Inc.; Sydney Pyles Plumbing and Heating Co., Inc.; Acousti of Macon, Inc.; Louis Etheridge d/b/a All-Brite Electric Co.; Appling Bros., Inc.

Robert L. Hartley, Jr., Warner Robins, Ga., for Citizens State Bank.

Walter Smith, Macon, Ga., for Chambers Lumber Co.

John Nixon, Nixon & Nixon, Warner Robins, Ga., for Simco, Inc. and S & S Roofing Co.

Thomas C. James, III, Jones, Cork, Miller & Benton, Macon, Ga., for C. O. Pickard, d/b/a Pickard Tile Co. and Cornell-Young Co.

John D. Carey, Asst. U. S. Atty., Macon, Ga., for the United States.

OWENS, District Judge.

Following the hearing on the government's motion to reconsider the court's order of June 3, 1975, the court has carefully considered and evaluated the respective legal positions asserted by each of the parties.

It is still the considered judgment of the court that the United States, as to its asserted tax lien against Simco, Inc. (Simco), "stands in the shoes of Simco." In other words, the government's rights rise no higher than those of the taxpayer Simco whose property is sought to be levied upon. See *Avco Delta Corp. Canada Ltd. v. United States*, 459 F.2d 436 (7th Cir. 1972). In occupying such a status, the United States in this case can collect only such sums that would legally be due and payable to Simco, *i. e.*, property and rights to property belonging to Simco. 26 U.S.C.A. § 6321.

In the case *sub judice*, Georgia law determines what property or rights to property belong to Simco. *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United States v. Durham Lumber Co.*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1960). Under applicable Georgia law, Simco as contractor pursuant to the construction contract with B. F. Goodrich Co. (Goodrich) is due only such sum as remains after satisfaction of all outstanding obligations of the contractor.[1]

Simco obtained financing for the construction from the Citizens State Bank (Bank) and assigned to the Bank as security its contract rights, including the right of payment. Prior to tax lien filing, the Bank filed a financing statement covering its security interest in Simco's contract rights. It is the court's considered judgment that the Bank therefore possessed a perfected security interest within Article 9 of the Ga. Uniform Commercial Code, and accordingly occupies a position of priority over the government's tax lien.[2] 26 U.S.C.A.

---

1. Pursuant to the construction contract, Simco as contractor was required to provide and pay for all labor and materials. General conditions of Agreement, Section 4.3. A lump sum payment upon completion was to be made to the contractor less "any sum that may be necessary to settle any outstanding obligations of Contractor arising out of or incident to the performance of this Agreement . . . ." Change Order No. 1 to the Agreement.

2. Even if the court were to assume that the Bank's security interest in the contract rights came into existence after the tax lien filing, the transaction would have priority because it is a protected real property construction financing agreement. 26 U.S.C.A. § 6323(c).

§ 6323(a), (h). The Bank's security interest secured repayment of advances made to Simco of which there remains an outstanding balance due of $15,084.80.

 Upon Simco's abandonment of the project, Goodrich, pursuant to the contract, elected to proceed with construction and assumed Simco's duties and obligations as contractor.[3] In so proceeding, Goodrich became obligated to pay subcontractors and materialmen who worked on this project in a dual capacity—as owner of the real property[4] and as contractor. Since Georgia law does not require the filing of liens as a prerequisite to suit by a subcontractor or materialman as against the contractor, the government's theory that the subcontractors' failure to file liens thereby subordinates their claims to the federal tax lien is clearly inapposite. The contractual payment provisions plainly set forth what attachable rights exist in Simco.[5]

Goodrich, as owner and contractor, therefore became contractually liable for outstanding claims arising from this project and paid into the registry of the court the contractual sum owing of $47,570.29, for the court's disbursement in this interpleader action. Since there are outstanding subcontractor and materialmen claims against Goodrich, these claims must first be satisfied before any right to payment arises in Simco. These claims were ordered paid by this court's order of June 3, 1975, for the total sum of $32,920.08, leaving $14,650.21 to be distributed among the remaining lienholders.

Because the court has concluded that the Bank is entitled to priority under the priorities section of the Federal Tax Lien Act, this claim must be paid before the government's claim via the tax lien. Because the Bank's priority claim exceeds the remaining interpleaded funds, the government simply has no funds from which to satisfy its tax lien.

Upon filing of this order, the Clerk of this court is directed to pay to the Citizens State Bank the sum of $14,650.21 and to mail the same to said Bank.

There being no further issues to be decided in this case, this constitutes the final order and judgment of the court.

---

**3.** General Conditions of the Agreement, Section 16.2.

**4.** A subcontractor or materialman may obtain a lien upon the improved real property to assure payment for work performed and materials provided. Ga.Code Ann. § 67–2001 *et seq.*

**5.** See footnote 1 and accompanying text.